IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

    **Plaintiff,**

    v.                                        CASE NO.  22-3181-JWL-JPO

**JEFF EASTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Christopher Gilmore is hereby required to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff, a detainee at the Sedgwick County Adult Detention Center in Wichita, Kansas ("SCADC"), filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff captions his Complaint as being brought in his own name, as well as by "1400 Unknown Inmates." (Doc. 1, at 1.)  In his Complaint, Plaintiff alleges a "[r]efusal to obey laws, conspiracy to deprive rights to constitutionally protected activities." *Id*.  Plaintiff alleges that although he "posted private sureties in amount of $500,000 against a $300,000 required bond . . . [p]ursuant to Pledge of Assets KSA 84-3-104[,] KSA 84-1-206[,] KSA 84-9-108" the attorney for the Sheriff's Department told them to ignore his documents and "Negotiable Instruments" and to deny him legal materials, access to the law library, or "anything to do with Electronic Filing." *Id*. at 2.

As Count I, Plaintiff claims a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3).  Plaintiff claims that there is correspondence from multiple staff at the jail to Plaintiff and staff members, indicating to deny Plaintiff any access to legal materials, copies, law library, Electronic Filing, or to recognize or respond to Electronic Documents and Negotiable Instruments.  *Id*. at 3.

As Count II, Plaintiff claims "Civil Rights and Elective Franchise" under 28 U.S.C. § 1343(a)(1)(2)(3).  *Id*.  Plaintiff alleges that "all accused" were warned multiple times to cease and desist in their individual capacities and staff could have prevented or aided in preventing "but chose to ignore [Plaintiff's] written notifications."  *Id*.

Plaintiff alleges "Prohibited Activities" under 18 U.S.C. § 1962(a)(b)(c) as Count III.  *Id*. at 5.  Plaintiff claims: Interfering with Meaningful Access to Courts; Interfering with Commerce; and Depriving Income or Maintaining Income from Illegal Acts.  *Id*.

Plaintiff alleges as Count IV that in April 2022, another inmate was severely beaten by officers and Plaintiff gave a statement about the incident to a detective.  *Id*. at 4.  Plaintiff alleges that staff and investigators are attempting to coverup the criminal acts.  *Id*.

Plaintiff names as defendants:  Jeff Easter, Sedgwick County Sheriff; the Sedgwick County Board of Commissioners; Laura Oblinger, Retained Attorney for Sheriff's Department; (fnu) Pray, Lieutenant; (fnu) Anderson, Corporal; (fnu) Sauls, Corporal; and the Sedgwick County Sheriff's Department.  Plaintiff seeks $1.4 billion in monetary relief, the appointment of a Special Master & Amicus Curiae, immediate release on previously posted bond, appointment of counsel, and "equipment to complete tasks."  *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1. Conspiracy under § 1985(3)

Plaintiff's bald allegation of a conspiracy is insufficient to state a claim. Plaintiff fails to assert factual allegations in support of his claim. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee*

4

*v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).  A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.*  Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone.  Such conclusory allegations fail to state a plausible claim for relief.

Plaintiff's conspiracy allegation under § 1985(3) fails because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class.  *See Garcia v. Yniquez*, 2022 WL 2734636, at *2 (10th Cir. July 14, 2022) (unpublished).  Section 1985(3) requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *JLPR, LLC v. Utah Dep't of Ag. and Food*, 2022 WL 2230280, at n.15 (D. Utah May 16, 2022) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail)); *see also Chubb v. Brownback*, 2016 WL 5410615, at *7 (D. Kan. Sept. 28, 2016) ("To assert a plausible claim under § 1985(3), plaintiff must allege a conspiracy based on racial animus.") (citing *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015)).  Plaintiff makes no such allegations, and therefore § 1985 does not provide the Court with a basis for jurisdiction.  Plaintiff has failed to state a valid claim of conspiracy and should show good cause why this claim should not be dismissed.

**2. Court Access**

Plaintiff claims that he has been denied access to legal materials, copies, a law library and electronic filing.  It is well-established that a prison inmate has a constitutional right of access to the courts.  However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants'

actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Any claim regarding access to a law library would require an actual injury. The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343,

6

350–51 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)).  The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research."  *Id*. at 354, 360; *see also Muhammad v. Collins*, 241 F. App'x 498, 499 (10th Cir. 2007) ("Photocopy access is not an independent constitutional right, but exists only where necessary to the prisoner's right to seek legal redress.").

Plaintiff has not alleged that staff at the SCADC prevented him from accessing the courts or caused him actual injury.  The claim is not plausible, particularly since he was able to file this action in federal district court as well as a Motion to Waiver of All Filing Fees/Costs (Doc. 2) and a Motion to Appoint Counsel for Primary Plaintiff (Doc. 3).  Plaintiff's claim is subject to dismissal.

### 3. Standing

In Count IV, Plaintiff alleges that another inmate was beaten and staff and investigators attempted to coverup the criminal acts.  It is well-settled that a § 1983 claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else.  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted).  To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so.  To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury."  *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).  "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983.  *Id.* at 289–90.  Plaintiff should show good cause why his claims in Count IV should not be dismissed for lack of standing.

### 4. Failure to State a Claim

As Count II, Plaintiff claims "Civil Rights and Elective Franchise" under 28 U.S.C. § 1343(a)(1)(2)(3). Subsection (a) provides that the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person. 28 U.S.C. § 1343(a). Plaintiff alleges that "all accused" were warned multiple times to cease and desist in their individual capacities and staff could have prevented or aided in preventing "but chose to ignore [Plaintiff's] written notifications." Plaintiff alleges "Prohibited Activities" under 18 U.S.C. § 1962(a)(b)(c) as Count III. *Id*. at 5. Plaintiff claims: Interfering with Meaningful Access to Courts; Interfering with Commerce; and Depriving Income or Maintaining Income from Illegal Acts. *Id*. Section 1962 deals with prohibited activities under the Racketeer Influenced and Corrupt Organizations Act.

Plaintiff fails to assert factual allegations in support of these claims. Plaintiff refers to "all accused" or "prohibited activities," but fails to explain what each defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed Plaintiff; and what specific legal right the Plaintiff believes the defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). Plaintiff should show good cause why his claims in Counts II and III should not be dismissed for failure to state a claim.

### 5. Claims Regarding Bond

To the extent Plaintiff seeks to modify his bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Here, the first condition is met because Plaintiff's state criminal proceedings are pending. *See State v. Gilmore*, Case No. 2022-CR-000190-FE (Sedgwick County District Court) (filed February 7, 2022). The second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional

claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights). Plaintiff's claims are insufficient to trigger any of the *Younger* exceptions.

If this claim is construed as a petition for habeas corpus, Plaintiff fares no better. A prisoner proceeding pretrial under 28 U.S.C. § 2241 must first exhaust available state court remedies. Likewise, the *Younger* doctrine prevents a court proceeding in habeas from intervening in a pending state court criminal matter unless exceptional circumstances are present.

In *Arter v. Gentry*, the Tenth Circuit upheld a district court decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). And in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit upheld the district court's application of the *Younger*

abstention doctrine. *Id.* at 760–61; *see also Albright v. Raemisch*, 601 F. App'x 656, 659–60 (10th Cir. 2015) (unpublished) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies).

### 6. Request for Relief

Plaintiff seeks $1.4 billion in monetary relief, the appointment of a Special Master & Amicus Curiae, immediate release on previously posted bond, appointment of counsel, and "equipment to complete tasks." (Doc. 1, at 6.)  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff's request for release must be brought in a habeas action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

### 7. Class Action

Plaintiff's caption suggests he is attempting to bring this action in his own name, as well as on behalf of 1400 inmates at the SCADC.  The case cannot proceed as a class action with any pro se plaintiff as class representative. "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and

experience of the attorneys for the class." *Id*. (citation omitted). The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted). Thus, a pro se plaintiff cannot adequately represent a class.

## IV. Motions

Plaintiff has filed a "Motion to Waiver of All filing Fees/Costs" (Doc. 2). Plaintiff alleges that "[t]he plaintiffs and aggrieved parties are without adequate resources or ability to earn income." (Doc. 2, at 1.) Plaintiff asserts that the proper remedy in this case would be to offset any fees or expenses against future settlements by defendants. *Id*. Plaintiff claims that he is competent, but designated as a patient under an illegal commitment order under K.S.A. § 20-3303.[1] That statute deals with commitments of incompetent defendants. Plaintiff also claims that 400 of the aggrieved parties that are part of this class action are also mentally ill. *Id*. Plaintiff alleges that the Prison Litigation Reform Act ("PLRA") does not apply because he is civilly committed and 28 U.S.C. § 1915 only applies to prisoners.

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915. The statute defines a prisoner for purposes of that section as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Likewise, § 1915A provides for the screening of complaints filed by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity, and provides the same definition for the term "prisoner." 28 U.S.C. § 1915A(a) and (c).

---

[1] *See State v. Gilmore*, Case No. 2022-CR-000190-FE (Sedgwick County District Court) (Action 40, Order for Competency Evaluation and Treatment and Order for Transfer entered July 1, 2022).

Despite Plaintiff's claim that he is subject to competency proceedings under K.S.A. § 22-3303, he remains subject to §§ 1915 and 1915A. *See Wolfson v. United States*, 336 F. App'x 792, 794 (10th Cir. 2009) (unpublished) (where plaintiff argued he was not subject to the PLRA because he was sentenced to civil commitment until he regains competency, the court rejected the argument finding that the PLRA still applied and that the case was distinguishable from cases where the plaintiff was civilly committed under a state's sexually violent predator act, where the inmate was held at a state hospital after being found not guilty by reason of insanity, and where alien detainees were not facing criminal charges); *cf. Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) (holding that fee provisions of the PLRA applicable to prisoners do not apply to those civilly committed under the Kansas Sexually Violent Predator Act (KSVPA)); *Lively v. Kansas Dep't of SRS*, No. 08-3254-SAC, 2008 WL 4559789, at n.6 (D. Kan. 2008) ("Since a person civilly committed to the SPTP is not a prisoner serving a sentence for a crime, provisions of the Prison Litigation Reform Act (PLRA) requiring an initial partial payment and full payment over time, 28 U.S.C. § 1915(b), do not apply.") .

Therefore, Plaintiff is required to either pay the filing fee or submit a motion for leave to proceed in forma pauperis. The Court will provisionally grant leave to proceed without prepayment of fees. However, Plaintiff is required to either pay the statutory filing fee of $402.00[2] or file a motion for leave to proceed without prepayment of fees. The Court will direct the Clerk to provide Plaintiff with forms and instructions for filing a motion for leave to proceed without prepayment of fees. Plaintiff's motion to waive the fee is denied.

Plaintiff has also filed a motion seeking the appointment of counsel, stating that he is civilly committed under K.S.A. § 22-3303, and suffers from a traumatic brain injury. Plaintiff

---

[2] The fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

states that he has been unsuccessful in his attempts to obtain counsel.  The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a

complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3181-JWL-JPO) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis. Plaintiff should either pay the $402 filing fee or submit a motion for leave to proceed in forma pauperis by **September 19, 2022.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waiver of All Filing Fees/Costs (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel for Primary Plaintiff (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 23, 2022,** in which to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 23, 2022**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 and in forma pauperis forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 30, 2022, in Topeka, Kansas.**

<u>S/ James P. O'Hara</u>
JAMES P. O'HARA
UNITED STATES MAGISTRATE JUDGE