IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILMORE,

    **Plaintiff,**

    v.                                    CASE NO. 22-3181-JWL-JPO

JEFF EASTER, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, a detainee at the Sedgwick County Adult Detention Center in Wichita, Kansas ("SCADC"), filed this pro se civil rights case under 42 U.S.C. § 1983. On August 30, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 7). The Court's screening standards are set forth in the MOSC.

The Court found in the MOSC that: Plaintiff's bald allegation of a conspiracy is insufficient to state a claim; Plaintiff's conspiracy allegation under § 1985(3) fails because Plaintiff has not shown discriminatory animus against him based on his membership in a protected class; Plaintiff has not alleged that staff at the SCADC prevented him from accessing the courts or caused him actual injury; a § 1983 claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else; to the extent Plaintiff seeks to modify his bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971); Plaintiff's request for compensatory

1

damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; Plaintiff's request for release must be brought in a habeas action; and this case cannot proceed as a class action with any pro se plaintiff as class representative. (Doc. 4, at 4–12.)

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. He continues to assert that he is bringing this action under 42 U.S.C. § 1985, without showing discriminatory animus against him based on his membership in a protected class. Plaintiff continues to make bald claims of conspiracy, alleging that "[i]t becomes clear that a conspiracy to deprive rights, obstruct access to courts, obstruct the necessary access to materials to pursue due process" and that "[m]ultiple agencies and individuals [are] working a common scheme to prevent this plaintiff from prevailing or obtaining due process." (Doc. 7, at 2.) The Court found in the MOSC that to state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Instead, he suggests that he will submit the supportive facts later, claiming that "Extensive Documents Evidence in process of being compelled." (Doc. 7, at 2.)

Plaintiff continues to make arguments about his bond in his ongoing state criminal proceedings, claiming that the attorney for the Sheriff's Office advised them not to allow Plaintiff to electronically submit his "negotiable instruments" to the state court. Plaintiff has also filed a motion for injunctive relief (Doc. 6) seeking an order from this Court directing the Defendants to allow him to file documents electronically to the state court presiding over his criminal case. Plaintiff has not indicated why these issues cannot be raised in his state criminal

proceedings or why he cannot submit his documentation by other means.

The Court found in the MOSC that to the extent Plaintiff seeks to modify his bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). The Court finds that *Younger* abstention is appropriate, and any request for injunctive relief regarding his ability to electronically file documents in state court is denied.[1]

Plaintiff continues to allege a "Civil Rights/Elective Franchise" claim under 28 U.S.C. § 1343. (Doc. 7, at 6.) The Court found in the MOSC that Plaintiff fails to assert factual allegations in support of these claims. Plaintiff fails to explain what each defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed Plaintiff; and what specific legal right the Plaintiff believes the defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In his Amended

---

[1] Plaintiff also mentions fraudulent warrants in some of his pleadings, but states that the state court judge "corrected the error by quashing fraudulent warrants." (Doc. 10, at 1.)

Complaint, Plaintiff now claims that this claim will be supported by documentary evidence that is being compelled through subpoenas currently filed with the Court. *See* Doc. 7, at 7 (stating in his Amended Complaint that "any necessary evidence or supporting documents are forthcoming"). Plaintiff has failed to state a claim for relief under 28 U.S.C. § 1343.

Plaintiff asserts that he was part of a PREA investigation in 2017, and Detective Hollyfield and Lt. Taylor refused to adhere to PREA compliance standards. (Doc. 7, at 7.) The Prison Rape Elimination Act ("PREA") "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Haffner v. Geary Cty. Sheriff's Dep't*, No. 18-3247-SAC, 2019 WL 1367662, at *4 (D. Kan. Mar. 26, 2019) (citations omitted) (collecting cases). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on Defendant's alleged failure to comply with the PREA.

Furthermore, Plaintiff's alleged violations occurring in 2017 would be barred by the applicable two-year statute of limitations. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v.*

*Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

Despite the reasoning set forth in the MOSC, Plaintiff continues to seek compensatory damages and immediate release from custody. Plaintiff also asks that all defendants be subject to restraining orders and be charged with crimes/disbarment. (Doc. 7, at 8.) As set forth in the MOSC, Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury, and Plaintiff's request for release must be brought in a habeas action. In addition, this Court cannot order criminal charges and cannot order State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief).

Plaintiff still purports to bring this action as a class action, asking the Court to extend the filing deadlines for amended complaints "or other documents" until January 1, 2023 (Doc. 9). Plaintiff's request for an extension is denied. The Court cautioned Plaintiff in the MOSC that he cannot serve as a class representative, and he lacks standing to assert rights on behalf of other inmates. Plaintiff continues to assert injuries and claims on behalf of other inmates. He claims that "multiple defense attornies [sic] are aware of District Attornies [sic]coming into possession of priveleged [sic] communications, known to be stolen and disseminated by Sheriff Dept without an active subpoena or search warrant." (Doc. 7, at 5.) Plaintiff does not suggest that

5

this has ever happened to his privileged communications. In fact, he attaches a letter from his attorney stating that the attorney is not going to have an email account with Plaintiff because he is "aware of several instances where emails that should be confidential, have ended up in the hands of the State *inadvertently*." (Doc. 10–1, emphasis added.)

Although Plaintiff suggests that he has been denied meaningful access to the courts (Doc. 7, at 7), he has filed a Complaint, an Amended Complaint, a response, and eleven motions in this case. Despite the Court's prior denial of Plaintiff's motion to appoint counsel, he has filed two additional motions to appoint counsel. (Docs. 10, 16.) Plaintiff has also filed two motions to appoint special masters and amicus curiae. (Docs. 5, 8.) Plaintiff has also filed requests for discovery, despite the fact that Defendants have not been served and this case has not survived screening. (Docs. 13, 15.)

Plaintiff seems to view this case as a means to conduct discovery regarding the circumstances surrounding the alleged death of another inmate in order to bring criminal charges against the Defendants. *See* Doc. 5, at 3–4 (seeking the appointment of a special master and stating that not a single inmate has been interviewed by any detectives overseeing the death of the inmate); Doc. 8, at 1–2 (seeking the appointment of a special master and an investigation, and stating that the facility and administration have an extensive history of covering up crimes, mentioning the alleged death of the other inmate and the failure to interview inmates, and stating that this case will require oversight and reports to the Court in order to convict the defendants); Doc. 12, at 1 (stating in reference to the death of the other inmate, that he is "going to continuously submit documents, affidavits, and anything tangiable [sic] that could be construed as evidence," stating that he "will be issuing affidavits for search warrants, search warrant applications and other necessary documents giving Federal Agents authorization to effect search

and arrest warrants on culpable parties," and asking the Court to supply him with blank subpoenas, search warrant applications, affidavits for search warrants, affidavits for probable cause for arrest, and arrest warrants); Doc. 13 (seeking discovery regarding the PREA investigation and assaults on other inmates); and Doc. 15 (seeking 16 blank subpoena forms and asking the Court to contact the FBI and tell them to come see Plaintiff and to investigate the death of the other inmate).

Plaintiff has failed to show good cause why this matter should not be dismissed for the reasons set forth above and in the Court's MOSC. This matter is dismissed for failure to state a claim. All of Plaintiff's motions seeking the appointment of counsel, discovery, and the appointment of a special master are denied. Plaintiff also filed a motion for leave to proceed in forma pauperis (Doc. 11), but failed to include the financial information required by statute. In light of the Court's dismissal of this case, the motion is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 11) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 5, 6, 8, 9, 10, 13, 15 and 16) are **denied.**

**IT IS SO ORDERED**.

**Dated September 16, 2022, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**