IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

    **Plaintiff,**

    v.                                                    CASE NO. 22-3181-JWL-JPO

**JEFF EASTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a detainee at the Sedgwick County Adult Detention Center in Wichita, Kansas, filed this pro se civil rights case under 42 U.S.C. § 1983. On September 16, 2022, the Court entered a Memorandum and Order (Doc. 17) dismissing this matter for failure to state a claim. After the dismissal of this case, Plaintiff filed: a Notice and Motion – Abuse of Discretion Motion (Doc. 19); a Petition for Writ of Habeas Corpus 28 U.S.C. 1455 (Doc. 20); an Amended Complaint (Doc. 21); and an Amended Complaint and Addendum (Doc. 22).

On August 30, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed a response (Doc. 12), multiple motions (Docs. 5, 6, 8, 9, 10, 11, 13, 15, 16), and an Amended Complaint (Doc. 7). The Court screened the Amended Complaint and found that this matter must be dismissed for failure to state a claim.

Plaintiff's current filings suggest he was not given enough time to respond to the Court's MOSC and that the defendants somehow hampered his ability to file or mail pleadings. That argument is belied by the numerous filings Plaintiff has submitted in this case.

Plaintiff claims that the Court has "acted in a manner that favors the Defendants and publish[ed] a dismissal without affording this Plaintiff to pursue lawful due process." (Doc. 19, at 1.) However, this Court has a duty to screen a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff was afforded an opportunity to respond to the Court's MOSC and to submit an Amended Complaint. Plaintiff's Amended Complaint failed to cure the deficiencies set forth in the MOSC and this case was dismissed for failure to state a claim. (Doc. 17.)

Plaintiff requests to have this case reopened and seeks an extension of time until January 15, 2023, to respond to the MOSC. (Doc. 19, at 1.) Plaintiff claims that he has been waiting on his financial information from the facility, and notes that the Court's Notice of Deficiency (Doc. 14) granted him until October 12, 2022, in which to provide his financial information to support his motion for leave to proceed in forma pauperis. *See, e.g.*, Doc. 19, at 1; Doc. 21, at 1.

This case was not dismissed based upon Plaintiff's failure to provide his financial information. The Court provisionally granted him leave to proceed in forma pauperis, and then dismissed this matter for failure to state a claim. The Court denied Plaintiff's motion for leave to proceed in forma pauperis as moot.

Plaintiff also takes issue with the Court's orders being accessible to the defendants, and asks the Court to "unpublish" this case. (Doc. 19, at 2.) Plaintiff's petition for writ of habeas corpus asks this Court to bring Plaintiff to the Court to argue his case and to grant him relief

from the orders in his state criminal case. (Doc. 20.) The Court found in the MOSC that it was prohibited from hearing Plaintiff's arguments regarding his bond in his pending state court criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

None of Plaintiff's filings warrant reopening this case. Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motions were filed within 28 days after the entry of the order, the Court will treat his request to reopen as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439

F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has not shown an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its September 16, 2022 Order and Judgment, and that ruling stands. This case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 19, 20, 21 and 22) are **denied.**

**IT IS FURTHER ORDERED** that this case remains closed.

**IT IS SO ORDERED**.

**Dated September 27, 2022, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**