IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER GILMORE,**

    **Plaintiff,**

    v.                                                     CASE NO. 22-3181-JWL-JPO

**JEFF EASTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a detainee at the Sedgwick County Adult Detention Center in Wichita, Kansas, filed this pro se civil rights case under 42 U.S.C. § 1983. On September 16, 2022, the Court entered a Memorandum and Order (Doc. 17) dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Alter or Amend Court Order Pursuant to Rule 59(e) (Doc. 24).

Plaintiff has continued to file motions in this closed case. *See* Docs. 19, 20, 21, 22, 24. On September 27, 2022, the Court entered a Memorandum and Order (Doc. 23) denying Plaintiff's motions and finding that none of Plaintiff's filings warranted reopening this case.

Plaintiff has now filed another Rule 59(e) motion, asserting the same arguments that were previously rejected by the Court. Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat his request to reopen as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. at 929 (citation omitted).  "This interest in finality becomes even stronger when a district court has previously denied relief under Rule 59(e)."  *Id*.  (citing *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) ("[T]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purpose of tolling the time for bringing an appeal.")).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

 Plaintiff has not shown an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to

meet the standard required for this Court to alter or amend its September 16, 2022 Order and Judgment, and that ruling stands. This case remains closed.

Plaintiff seeks to reopen this case, or in the alternative, to have the Court file his attachment to the motion as a new habeas case. The Court has filed the attachment (Doc. 24–1) as a new habeas case. *See* Case No. 22-3230. Plaintiff states that he is "filing extensive papers against a closed case to develop the record for Supreme Court review." (Doc. 24, at 4.) This case remains closed and any further filings may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Court Order Pursuant to Rule 59(e) (Doc. 24) is **denied.**

**IT IS FURTHER ORDERED** that this case remains closed.

**IT IS SO ORDERED**.

**Dated October 7, 2022, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**